UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**KELLI WILKERSON**                                                                 **CIVIL ACTION**

**VERSUS**                                                                          **NUMBER: 22-2520**

**RENE CRUSTO, ET AL.**                                             **SECTION: "I"(5)**

### REPORT AND RECOMMENDATION

On August 5, 2022, Plaintiff Kelli Wilkerson filed this lawsuit, naming as Defendants Rene Crusto and the International Alliance of Theatrical Stage Employees ("IATSE"). (Rec. doc. 1). Plaintiff sues Defendants under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and supplemental state law claims. Plaintiff alleges that Crusto sexually battered and harassed her in various and explicit ways. (*Id.* at p. 3). She alleges that she complained to IATSE officials of the harassment, all to no avail. (*Id.*).

On January 26, 2023, this Court ordered Plaintiff to show cause by February 21, 2023 why she had not requested service on Defendants. (Rec. doc. 6). Plaintiff was granted pauper status in this lawsuit. (Rec. doc. 3). Therefore, she is entitled to have service effected by the United States Marshal. Fed. R. Civ. P. 4(c)(3). The Court served summons to Plaintiff to effect on Defendants and informed her that she needed to contact the United States Marshal to arrange for service of the summons. (Rec. doc. 5-2). Plaintiff failed to do so **and failed to respond to this Court's show cause order**. The Court expressly warned Plaintiff that noncompliance with that order or failure to show cause for noncompliance could result in dismissal of her claims against Defendants pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. (Rec. doc. 6).

In pertinent part, Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – **must** dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m) (emphasis added). That Plaintiff is entitled to have the United States Marshal serve Defendants does not relieve her of all responsibility regarding service. "While [a plaintiff] . . . proceeding in forma pauperis may rely on service by the U.S. Marshals, a plaintiff may not remain silent and do nothing to effectuate such service." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987); *see id.* ("Thus, the inquiry in the instant case now becomes whether the failure of the Marshal's Service to properly serve Dr. Dawson was due to any dilatoriness or fault on the part of [plaintiff]."). Dismissal is appropriate when service has not been properly effected due to the inaction or dilatoriness of a plaintiff proceeding *in forma pauperis*. *Id.*

More than 90 days have elapsed since this lawsuit was filed. Despite the passage of that extensive period of time, Plaintiff has not provided the United States Marshal with the paperwork necessary to effect service on Defendants. This is apparent given that summons were issued to Plaintiff, and no summons have yet been returned as executed.

Despite being given express notice that her claims against Defendants could be dismissed unless Plaintiff contacted the United States Marshal or showed good cause for failing to do so, Plaintiff failed to respond to the Court's notice. Accordingly, this Court finds that dismissal of her claims is now appropriate. *See, e.g., Gipson v. Keith*, 678 F. App'x 264, 266 (5th Cir. 2017); *Triplett v. LeBlanc*, 642 F. App'x 457, 459-60 (5th Cir. 2016); *Armant v. Stalder*, 351 F. App'x 958, 959 (5th Cir. 2009). For the foregoing reasons,

**IT IS RECOMMENDED** that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to timely effect service on Defendants under Federal Rule of Civil Procedure 4(m).

### NOTICE OF RIGHT TO OBJECT

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this  27th  day of    February   , 2023.

  
_____  
MICHAEL B. NORTH  
UNITED STATES MAGISTRATE JUDGE

3