## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**KELLI WILKERSON**                                       CIVIL ACTION

**VERSUS**                                                      No. 22-2520

**RENE CRUSTO, ET AL.**                                     SECTION I

### ORDER & REASONS

Before the Court is a motion[1] filed by defendant International Alliance of Theatrical Stage Employees, Local 39 ("Local 39") to dismiss *pro se* plaintiff Kelli Wilkerson's ("Wilkerson") claim for intentional infliction of emotional distress. Wilkerson has not filed a response to the motion, and the deadline for doing so has passed.[2] For the reasons below, the Court denies the motion.

### I.    BACKGROUND

Wilkerson alleges that she is an employee and member of Local 39.[3] She further alleges that Rene Crusto ("Crusto"), another employee and member of Local 39, sexually battered and harassed Wilkerson in February 2020.[4] Wilkerson alleges that she reported the harassment to Local 39 on multiple unspecified occasions, but

---

[1] R. Doc. No. 15.

[2] The motion was dated for submission to the Court on June 28, 2023.

[3] R. Doc. No. 1, ¶ 10. Local 39 argues that Wilkerson was not, in fact, an employee of Local 39. R. Doc. No. 15-1, at 3 n.1. As Local 39 notes, however, this factual disagreement is not relevant to the instant motion because federal anti-discrimination law applies to labor organizations. *See* 42 U.S.C. § 2000e-2(c) (describing unlawful labor organization practices); *Stelly v. W. Gulf Mar. Ass'n*, 407 F. Supp. 3d 673, 679 (S.D. Tex. 2019) ("[L]abor unions may be liable [pursuant to § 2000e-2] when their own actions create a hostile work environment[.]").

[4] R. Doc. No. 1, ¶ 8.

that her complaints were not addressed.[5] She further alleges that previous complaints against Crusto by other individuals were never addressed by Local 39.[6]

Wilkerson submitted her claims to the Equal Employment Opportunity Commission ("EEOC") in October of 2020, and the EEOC issued a right to sue letter on May 20, 2022.[7] On August 5, 2022, Wilkerson filed the above-captioned action asserting claims pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII") and Louisiana state law.[8] In the instant motion, Local 39 argues that Wilkerson's state law claim against Local 39 for intentional infliction of emotional distress should be dismissed as time barred.

## II.    LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows for dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is

---

[5] *Id.* ¶ 12.

[6] *Id.* ¶¶ 16–17.

[7] *Id.* ¶ 9.

[8] *See generally id.* Wilkerson named three defendants in this matter: Crusto, Local 39, and the International Alliance of Theatrical Stage Employees ("International Union"). Her claims against the International Union were dismissed on joint motion by Wilkerson and the International Union. R. Doc. Nos. 18, 20. Wilkerson has yet to serve Crusto, despite the Court ordering her to do so no later than June 2, 2023. R. Doc. No. 14. Because the Court previously advised Wilkerson that claims as to any unserved defendant would be dismissed if she did not place evidence of service of summons in the record, *id.*, the Court will dismiss her claims against Crusto without prejudice, thereby adopting in part the Report and Recommendations of the U.S. Magistrate Judge, R. Doc. No. 7 (recommending that Wilkerson's complaint be dismissed without prejudice as to all defendants for failure to timely effect service).

plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotations omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Culbertson v. Lykos*, 790 F.3d 608, 616 (5th Cir. 2015) (citation omitted) (internal quotation marks omitted).

"[T]he face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of *each element* of the plaintiffs' claim." *Hi-Tech Elec., Inc v. T&B Constr. & Elec. Servs., Inc.*, No. 15-3034, 2017 WL 615414, at *2 (E.D. La. Feb. 15, 2017) (Vance, J.) (emphasis added) (citing *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 255–57 (5th Cir. 2009). A complaint is insufficient if it contains "only labels and conclusions, or a formulaic recitation of the elements of a cause of action." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (citation and internal quotations omitted). It "must provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (internal quotations omitted).

In considering a motion to dismiss, a court views the complaint "in the light most favorable to the plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in the plaintiff's favor." *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004).

3

"Although defenses are generally not the proper subject of Rule 12(b)(6) motions, certain affirmative defenses that clearly appear on the face of the plaintiff's complaint—most commonly that the statute of limitations has run—may properly be asserted in a Rule 12(b)(6) motion." *Davies v. LeBlanc*, No. 17-12575, 2020 WL 3128613, at *5 (E.D. La. June 12, 2020) (Morgan, J.) (quotation and citation omitted). "A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Id.* (quotation and citation omitted).

## III.   ANALYSIS

Louisiana state tort claims, including intentional infliction of emotional distress, are subject to a one-year prescriptive period which "commences to run from the day injury or damage is sustained." La. Civ. Code art. 3492. "The Fifth Circuit has made clear that the filing of an EEOC charge does not toll, interrupt, or suspend prescription with regard to a plaintiff's state law claims." *Lefort v. Lafourche Par. Fire Prot. Dist. No. 3*, 39 F. Supp. 3d 820, 826 (E.D. La. 2014) (Vance, J.) (quotation and citation omitted); *Morgan v. LCMC Health*, No. 21-172, 2022 WL 715444, at *5 (E.D. La. Mar. 10, 2022) (Morgan, J.) ("[T]he statute of limitations for intentional infliction [of emotional distress] claims is not tolled by the filing of an EEOC charge." (quotation and citation omitted)). Accordingly, Wilkerson's state law claim for intentional infliction of emotional distress against Local 39 is time barred unless she filed the instant complaint within one year after the relevant conduct occurred.

Wilkerson alleges that Crusto assaulted and harassed her in February of 2020. However, the complaint does not state when she reported the conduct to Local 39; it simply states that she "made multiple reports . . . which were ignored."[9] Wilkerson's complaint further states that she "continues to be employed by" Local 39.[10] The Court agrees that, to the extent that Wilkerson's allegations are based on actions taken or not taken by Local 39 in February of 2020—or any time prior to August 5, 2021—her state law tort claim against it is prescribed. La. Civ. Code art. 3492. However, viewing the complaint in the light most favorable to Wilkerson, the Court finds that such prescription, if applicable, does not "clearly appear on the face of the plaintiff's complaint" and dismissal pursuant to Rule 12(b)(6) is therefore not appropriate. *Davies*, 2020 WL 3128613, at *5.

## IV.   CONCLUSIONS

For the reasons above,

**IT IS ORDERED** that Local 39's motion to dismiss is **DENIED.**

**IT IS FURTHER ORDERED** that the U.S. Magistrate Judge's Report and Recommendations is **ADOPTED IN PART** and Wilkerson's claims against Crusto are **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana, July 11, 2023.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[9] R. Doc. No. 1, ¶ 12.
[10] *Id.* ¶ 10.