## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KELLI WILKERSON** | **CIVIL ACTION** |
| **VERSUS** | **No. 22-2520** |
| **RENE CRUSTO ET AL.** | **SECTION I** |

### ORDER & REASONS

Before the Court is a motion[1] for summary judgment filed by defendant International Alliance of Theatrical Stage Employees, Local 39 ("Local 39"). *Pro se* plaintiff Kelli Wilkerson ("Wilkerson") has not filed a response to the motion, and the deadline for doing so has passed.[2] For the reasons below, the Court grants the motion.

### I.   BACKGROUND

Wilkerson alleges that she is an employee and member of Local 39.[3] She further alleges that Rene Crusto ("Crusto"), another employee and member of Local 39, sexually battered and harassed her in February 2020.[4] Wilkerson alleges that she reported the harassment to Local 39 on multiple occasions, but that her complaints were not addressed.[5] She further alleges that previous complaints against Crusto by other individuals were never addressed by Local 39.[6]

---

[1] R. Doc. No. 15.
[2] The motion is set for submission on January 24, 2024. Pursuant to Local Rule 7.5, Wilkerson's response was due on January 16, 2024.
[3] R. Doc. No. 1, ¶ 10.
[4] *Id.* ¶ 8.
[5] *Id.* ¶ 12.
[6] *Id.* ¶¶ 16–17.

Wilkerson submitted her claims to the Equal Employment Opportunity Commission ("EEOC") in October of 2020, and the EEOC issued a right to sue letter on May 20, 2022.[7] On August 5, 2022, Wilkerson filed the above-captioned action asserting claims pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), and Louisiana state law.[8]

In its motion for summary judgment, Local 39 argues that, because Local 39 is a union and not Wilkerson's employer, Wilkerson has not stated a claim for a hostile work environment against Local 39 pursuant to Title VII of the Civil Rights Act.[9] Local 39 also argues that it is entitled to summary judgment on Wilkerson's intentional infliction of emotional distress claim because this claim is prescribed pursuant to state law.[10]

## II.    STANDARD OF LAW

Summary judgment is proper when, after reviewing the materials in the record, a court determines that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record]

---

[7] *Id.* ¶ 9.

[8] *See generally id.* Wilkerson named three defendants in this matter: Crusto, Local 39, and the International Alliance of Theatrical Stage Employees ("International Union"). Her claims against International Union were dismissed on joint motion by Wilkerson and International Union. R. Doc. Nos. 18, 20. Wilkerson's claims against Crusto were dismissed without prejudice for failure to timely effect service. R. Doc. No. 21.

[9] R. Doc. No. 39, at 4.

[10] *Id.* at 8.

which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The party seeking summary judgment need not produce evidence negating the existence of a material fact; it need only point out the absence of evidence supporting the other party's case. *Id.*; *see also Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195–96 (5th Cir. 1986) ("There is no sound reason why conclusory allegations should suffice to require a trial when there is no evidence to support them even if the movant lacks contrary evidence.").

Once the party seeking summary judgment carries that burden, the nonmoving party must come forward with specific facts showing that there is a genuine dispute of material fact for trial. *See Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The showing of a genuine issue is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). Rather, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If the nonmovant fails to meet their burden of showing a genuine issue for trial that could support a judgment in favor of the nonmovant, summary judgment must be granted. *See Little*, 37 F.3d at 1075–76.

The party responding to the motion for summary judgment may not rest upon the pleadings but must identify specific facts that establish a genuine issue. *Anderson*, 477 U.S. at 248. The nonmoving party's evidence, however, "is to be

believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor." *Id.* at 255.

### III.   ANALYSIS

As stated, Wilkerson's complaint alleges a federal claim pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq*, and a Louisiana state law claim for intentional infliction of emotional distress.[11] Local 39 argues that it is entitled to summary judgment on both claims.

First, Local 39 argues that Title VII does not provide a cause of action against it.[12] While Wilkerson describes herself as an employee and member of Local 39 in her complaint, Local 39 did not employee Wilkerson. Rather, as Local 39 explains, Wilkerson was a member of Local 39, and Local 39 referred her to the job with Expo Group. Wilkerson admitted in her deposition that Local 39 refers union employees to employers,[13] and that Expo Group, not Local 39, paid her for her work.[14]

Because Local 39 was acting as a labor organization and not as Wilkerson's employer during the relevant time, Wilkerson's complaint must state a claim pursuant to § 2000e-2(c), which provides a cause of action against labor organizations. 42 U.S.C. § 2000e-2(c) provides:

> It shall be an unlawful employment practice for a labor organization—
> (1) to exclude or to expel from its membership, or otherwise to discriminate against, any individual because of his race, color, religion, sex, or national origin;

---

[11] R. Doc. No. 1, ¶¶ 5–6.
[12] R. Doc. No. 39-3, at 4.
[13] R. Doc. No. 39-1, at 8:5–8.
[14] R. Doc. No. 39-1, at 25:13–15.

(2) to limit, segregate, or classify its membership or applicants for membership, or to classify or fail or refuse to refer for employment any individual, in any way which would deprive or tend to deprive any individual of employment opportunities, or would limit such employment opportunities or otherwise adversely affect his status as an employee or as an applicant for employment, because of such individual's race, color, religion, sex, or national origin; or
(3) to cause or attempt to cause an employer to discriminate against an individual in violation of this section.

Wilkerson has not alleged that she was excluded, expelled, or otherwise discriminated against pursuant to 42 U.S.C. § 2000e-2(c)(1). "A union has no affirmative duty under Title VII to investigate and take steps to remedy employer discrimination. On the other hand, a union may be held liable under Title VII if 'the [u]nion itself instigated or actively supported the discriminatory acts.'" *Eliserio v. United Steelworkers of Am. Loc. 310*, 398 F.3d 1071, 1076–77 (8th Cir. 2005) (quoting *Thorn v. Amalgamated Transit Union*, 305 F.3d 826, 832–33 (8th Cir.2002)). While Wilkerson alleges that Crusto sexually harassed and discriminated against her, Wilkerson does not allege that Local 39 itself discriminated against her. Wilkerson's complaint states only that Local 39 had knowledge of the complaints against Crusto, failed to address the complaints, and failed to maintain an adequate human resources department.[15]

Similarly, Wilkerson has not alleged that Local 39 classified her in such a way as to deprive her of or adversely affect her employment or that Local 39 caused or attempted to cause Expo Group, her employer, to discriminate against her. *See* 42 U.S.C. § 2000e-2(c)(2)–(3). "The mere fact that the workplace harassment was

---

[15] R. Doc. No. 1, ¶¶ 16–18.

perpetrated by union members is insufficient to support liability." *Burden v. Int'l Longshoremen's Ass'n, Loc. No.1410*, 510 F. Supp. 2d 618, 623 (S.D. Ala. 2007). Therefore, Wilkerson has not shown that there is a genuine issue of material fact, and Local 39 is entitled to summary judgment on the Title VII claim.

Next, Local 39 argues that Wilkerson's state law claim for intentional infliction of emotional distress has been prescribed. This Court previously denied Local 39's motion to dismiss based on prescription because the Court, viewing the complaint in the light most favorable to Wilkerson, found that prescription was not clear on the face of the complaint because the complaint alleges Wilkerson continues to be employed by Local 39 and she made multiple reports which were ignored.[16]

In this Court's previous order, the Court explained that "to the extent that Wilkerson's allegations are based on actions taken or not taken by Local 39 in February of 2020—or any time prior to August 5, 2021—her state law tort claim against it is prescribed."[17] This is because Louisiana state tort claims, including intentional infliction of emotional distress, are subject to a one-year prescriptive period which "commences to run from the day injury or damage is sustained." La. Civ. Code art. 3492. "The Fifth Circuit has made clear that the filing of an EEOC charge does not toll, interrupt, or suspend prescription with regard to a plaintiff's state law claims." *Lefort v. Lafourche Par. Fire Prot. Dist. No. 3*, 39 F. Supp. 3d 820, 826 (E.D. La. 2014) (Vance, J.) (quotation and citation omitted).

---

[16] R. Doc. No. 21, at 5.
[17] *Id.*

In its motion for summary judgment, Local 39 argues that, despite what is alleged in the complaint, Wilkerson's deposition testimony makes it clear that she filed only one complaint, i.e. the February 2020 complaint, with the union which is the basis for her claims in the present action.[18] In Wilkerson's deposition, Wilkerson agreed that the incident with Crusto described previously was the "first and only offense" with Crusto and there were "no other incidents between [Wilkerson] and Crusto."[19] As noted in this Court's previous order, this incident occurred on February 2020.[20] Therefore, the claim is prescribed pursuant to Louisiana law, and Wilkerson has not shown that there is a genuine dispute of material fact.

## IV.   CONCLUSION

Accordingly,

**IT IS ORDERED** that Local 39's motion for summary judgment is **GRANTED.** Wilkerson's claims against Local 39 are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, January 24, 2024.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[18] R. Doc. No. 39-3, at 8.
[19] R. Doc. No. 39-1, at 17:15–18:12, 29:13–16
[20] R. Doc. No. 21, at 1.